## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RODREKUS WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-279-JPG |
| | ) | |
| **DONALD HULICK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly an inmate in the Western Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff states that in October 2006, an officer directed him to pack his property for a move

to another cell. Shortly after that move, Plaintiff was transferred to the Pinckneyville Correctional Center and placed in a segregation cell. He claims that he never received any disciplinary ticket justifying his placement in segregation, and that placement is the basis for this action.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, it appears that Plaintiff was held in segregation for approximately 30 days. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative

segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: January 9, 2008.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**